[Cite as *Pulka v. Pulka*, 2016-Ohio-2920.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANNE PULKA | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2015CA00205 |
| STEPHEN PULKA | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Common
                                  Pleas Court, Family Court Division, Case
                                  No. 2012DR00075


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           May 9, 2016


APPEARANCES:


For Plaintiff-Appellant           For Defendant-Appellee


ANNE PULKA, PRO SE                NO BRIEF FILED
3472 Eby Dr NE
Canton, Ohio 44705

*Hoffman, J.*

{¶1} Plaintiff-appellant Anne Marie Pulka ("Mother") appeals the October 20, 2015 Judgment Entry of the Stark County Common Pleas Court, Family Court Division, which approved and adopted the Magistrate's Decision regarding custody of her and defendant-appellee Stephen Michael Pulka's ("Father") children.

STATEMENT OF THE CASE[1]

{¶2} The parties were divorced on March 5, 2013. Father's shared parenting plan was incorporated into the divorce decree.

{¶3} Mother filed a motion to reallocate parental rights and notice of intent to relocate to Texas on June 24, 2013. Mother eventually dismissed [withdrew] her motion on December 4, 2013.

{¶4} Mother filed another motion to modify allocation of parental rights on April 10, 2014, and Father filed a motion to grant him legal custody on April 30, 2014. A hearing before a magistrate on the motions commenced on March 9, 2015, and resumed and concluded on May 27, 2015. On August 3, 2015, the magistrate determined Father would remain residential parent and sole legal custodian of the children together with other orders regarding Mother's visitation and counseling.

{¶5} Mother filed her objection to the Magistrate's Decision on August 17, 2015, together with a praecipe for transcript. The record does not reflect the transcript was ever filed.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

**{¶6}**  Via Judgment Entry filed October 20, 2015, the trial court overruled Mother's objection to the Magistrate's Decision and adopted it as the court's order.  It is from that judgment entry Mother prosecutes this appeal.

**{¶7}**  Mother's "Brief" does not set forth any identified assignments of error. However, in her Motion to Appeal filed November 19, 2015, Mother states:

1. The decision is not in the best interests of the parties' children, Nathan Paul Pulka and Lillian Athena Pulka.

2. The children's physical and emotional health, education, and safety continues to suffer.

**{¶8}**  Mother's "Brief", in addition to not containing a statement of the assignments of error presented for review as noted, supra, also fails to include: a table of contents, with page references; a statement of the case; a statement of the facts with references to the record; an argument with citations to authorities, statutes, and parts of the record upon which she relies; a conclusion briefly stating the precise relief sought . . . all in violation of Rule 16 of the Rules of Appellate Procedure.  Such failure would justify this Court in dismissing the appeal for want of prosecution.  We elect not to do so.

**{¶9}**  Mother has failed to provide this court with a transcript of the March 9, 2015, and May 27, 2015, hearings.  Because a transcript is necessary to review the merits of Mother's claims and she has failed to provide this court with the transcript, the presumption of regularity applies and we must affirm the trial court's judgment.  See, *Knapp v. Edwards Lab.* (1980), 61 Ohio St.2d 197.

{¶10} The October 20, 2015 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur